IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**TYLER J. CARROLL,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO. 1:22-CV-14**
                                                          **(KLEEH)**

**WESTFIELD NATIONAL
INSURANCE COMPANY,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

    Defendant Westfield National Insurance Company ("Westfield") filed a motion to transfer venue to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. § 1404(a). ECF Nos. 7, 8. Plaintiff Tyler J. Carroll ("Carroll") filed a response in opposition, arguing that well-settled law does not support a change of venue in this case. ECF No. 10. The Court **DENIES** Westfield's motion, finding that, although venue did lie in the Southern District of West Virginia on the date the complaint was filed in this Court, neither the convenience of the parties or witnesses nor the interest of justice warrants a transfer of venue.

## I.  FACTUAL BACKGROUND

The Court views the facts in the light most favorable to Plaintiff Tyler J. Carroll, as the non-movant, when determining whether the convenience of the parties and witnesses, as well as the interest of justice, justify transferring venue in this civil action to the Southern District of West Virginia.

On February 23, 2022, Carroll, by counsel, filed a complaint for declaratory relief in the United States District Court for the Northern District of West Virginia. ECF No. 1. Carroll alleges that he is entitled to coverage by Defendant Westfield National Insurance Company under a Business Auto Policy it issued to West Virginia Heating & Plumbing, Carroll's employer. Id. ¶¶ 4-5. Carroll allegedly sustained injuries from an on-the-job motor vehicle accident on May 4, 2021, and maintains Westfield has a duty to cover the accident and his resulting injuries. Id. ¶ 4. Carroll is a citizen and resident of Kanawha County, West Virginia. Id. ¶ 1. Westfield is a foreign corporation with a principal place of business in Ohio, and is authorized to transact business in Braxton County, West Virginia. Id. ¶ 2.

Westfield has moved to transfer venue to the United States District Court for the Southern District of West Virginia, asserting that most, if not all, witnesses reside there, and that the insurance policy was issued there. ECF Nos. 7, 8. Carroll

responds that this district is the most convenient forum for the litigation because it is the forum in which the events at issue occurred, both counsel are admitted to practice in this district, and only three non-party witnesses greatly favor a venue in Charleston, West Virginia. ECF No. 10.

## II.  DISCUSSION

Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in" the following judicial districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

Title 28, Section 1404(a) of the United States Code provides, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district court or division where it might have been brought." The decision regarding whether to transfer an action to another district is committed to the sound discretion of the district court. Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201

(4th Cir. 1993).

Motions for transfer of venue are to be considered on a case-by-case basis. Stewart Org., Inc. v. Ricoh, 487 U.S. 22, 29 (1988), citing Dusen v. Barrack, 376 U.S. 612, 622 (1964). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart, 487 U.S. at 29. A court should consider:

> (1) ease of access to sources of proof; (2) convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F.Supp.2d 553, 555-56 (N.D.W. Va. 2005) (internal citation omitted). The movant typically bears the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D. Va. 1992).

However, before weighing the presence or absence of such factors in this civil action, the Court must first inquire whether this action "might have been brought" in the Southern District of West Virginia, and specifically whether that district would have had proper venue, subject matter jurisdiction and personal jurisdiction over Westfield at the time this action was initiated.

After carefully reviewing the complaint and the briefs filed by the parties on the motion to transfer, the Court finds that the

4

statutory requirements for venue, pursuant to 28 U.S.C. § 1391, would have been satisfied had this matter been filed in the Southern District of West Virginia. Carroll is a resident of the Southern District of West Virginia and Westfield is a corporation which, for venue purposes, is "deemed to reside in any judicial district where [it is] subject to personal jurisdiction" pursuant to 28 U.S.C. § 1391(c). Because Westfield does business in the Southern District, venue would be proper as a matter of law if the case had been brought there. Id.

Having concluded that venue existed both here and in the Southern District based on 28 U.S.C. § 1391, the Court must next determine if Westfield has met its burden in establishing that Carroll's choice of forum should be disturbed. The record reveals that Westfield merely has asserted inconveniences that are no greater or different from the inconveniences Carroll would be forced to undertake if a change in venue to the Southern District was granted. Carroll's right of action accrued here, and the material witnesses are located in or near this district. See ECF No. 10. The offices of counsel for the parties are located in the Southern District and the documents related to discovery are in the Southern District, but these reasons are insufficient to warrant the requested relief. See McDevitt & St. Co. v. Fidelity & Deposit Co., 737 F.Supp. 351 (W.D.N.C. 1990) (holding that, for

5

a defendant to successfully argue for a transfer, a defendant must demonstrate a burden which surpasses a mere shift in inconvenience from one party to another).

### III. CONCLUSION

The transfer of venue statute requires that an action may only be transferred to a district court "where it might have been brought." 28 U.S.C. § 1404(a). Although Carroll could have brought this action in the Southern District of West Virginia, he chose not to, and this Court will exercise its discretion not to disturb that choice given the evidence that such a transfer would only shift certain inconveniences between the parties. Accordingly, the Court **DENIES** Westfield's motion to transfer venue, finding that the convenience of parties and witnesses and the interest of justice would also not be served by transferring venue, in light of Carroll's choice of forum and the materiality of the events that occurred in the Northern District of West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to all counsel of record herein.

**DATED:** June 22, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA