IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**TYLER J. CARROLL,**

    **Plaintiff,**

v.                                                                **Civil Action No. 1:22-CV-14**
                                                                      **(JUDGE KLEEH)**

**WESTFIELD NATIONAL INSURANCE**
**COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION [ECF NO. 113] TO FILE CORRECTED AFFIDAVIT AND DENYING PLAINTIFF'S MOTION [ECF NO. 100] FOR ORDER TO SHOW CAUSE

This matter is before the undersigned Magistrate Judge, first, pursuant to a Referral Order [ECF No. 115] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on February 22, 2023. By this Referral Order, Judge Kleeh referred to the undersigned Defendant's motion [ECF No. 113] to file a corrected affidavit. As to this motion, the Court also is in receipt of Plaintiff's response in opposition [ECF No. 114][1], thereto.

Secondly, this matter is before the undersigned pursuant to a Referral Order [ECF No. 102] entered by Judge Kleeh on February 3, 2023. By this Referral Order, Judge Kleeh referred to the undersigned Plaintiff's motion [ECF No. 100] for entry of an order to show cause as to why Defendant should not forfeit its defenses as a sanction for what Plaintiff alleges is intentional spoliation of evidence. To this end, the Court is in receipt of Plaintiff's memorandum [ECF No.

---

[1] At proceedings before the undersigned on February 23, 2023, counsel for Plaintiff indicated that this response [ECF No. 114] also is intended to serve as a reply in support of Plaintiff's motion for order to show cause [ECF No. 100], which also is a subject of the instant Memorandum Opinion and Order.

1

100] in support of his motion, Defendant's response [ECF No. 112], and a filing which Plaintiff has construed as his reply [ECF No. 114], as explained in Footnote 1 herein.

The undersigned conducted a Status Conference regarding Plaintiff's motion [ECF No. 100] on February 10, 2023, at which appeared counsel for Plaintiff and Defendant, respectively, as well as counsel for non-party West Virginia Heating and Plumbing Company ("WVH&P"). Then, on February 23, 2023, the undersigned conducted Motions Hearings as to both Plaintiff's motion [ECF No. 100] and Defendant's motion. [ECF No. 113], at which appeared those same counsel.

After a detailed review of the above-noted motions and all associated briefing, and receipt of counsels' argument at the two proceedings of February 10, 2023 and February 23, 2023, it is **ORDERED** that Defendant's motion [ECF No. 113] is hereby **GRANTED** as more fully set forth herein. It is further **ORDERED** that Plaintiff's motion [ECF No. 100] is hereby **DENIED** as more fully set forth herein.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This is a declaratory judgment action by which Plaintiff seeks a determination of the type and extent of uninsured ("UM") and underinsured ("UIM") motorist insurance coverage and excess uninsured motorist insurance under the insurance policy which Defendant issued to Plaintiff's employer, WVH&P. Plaintiff brings this action pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, and W. Va. Code § 55-13-1 et seq.

#### A. Summary of Plaintiff's Factual Allegations

Per the Complaint, Plaintiff alleges that he was traveling on Interstate 79 in Braxton County, in the Northern District of West Virginia, in the late evening of May 4, 2021. [ECF No. 1]. Further, Plaintiff alleges that he was so traveling after performing work on behalf of his

employer, WVH&P. Id. Plaintiff had been working in Pittsburg, Pennsylvania and was returning to Charleston, West Virginia, which is the area in which his employment with WVH&P was based. Id. Plaintiff alleges that he was traveling in a WVH&P vehicle at this time, when he witnessed a single-vehicle motor vehicle accident, involving a Chevrolet S-10 pickup truck. Id. Plaintiff pulled the WVH&P vehicle to the side of the road, exited it, and went to render aid at the scene of the accident. Id. Another vehicle, a Chevrolet Cruze, was traveling on the roadway and struck the Chevrolet S-10. Id. At that moment, Plaintiff was attempting to extract the occupant of the Chevrolet S-10. Id. Plaintiff suffered certain serious physical injuries as a result: multiple leg fractures necessitating that his left leg be amputated above the knee; a rib-tib fracture of his right leg; fractures of both his left arm and right arm; and a fracture of his skull. Id.

Plaintiff alleges that the driver of the Chevrolet S-10 was underinsured, having had a policy with a liability insurance limit of $25,000.00. Further, Plaintiff alleges that that the driver of the Chevrolet Cruze was uninsured. Thus, Plaintiff turns attention to the policy issued by Defendant for coverage of WVH&P.

### B. Summary of Dispute Concerning Alleged Spoliation

This dispute concerns the handling of forms between Defendant and WVH&P – specifically, "selection" forms provided by Defendant to WVH&P which show the amount of coverage which WVH&P wished to purchase. Plaintiff disputes that Defendant provided the forms to WVH&P. As such, Plaintiff's argument goes, Defendant did not make an effective offer of UM/UIM coverage, as required by W. Va. Code § 33-6-31. In the absence of such signed selection forms, Plaintiff's argument further goes, Defendant did not make the required offer of UM/UIM coverage to WVH&P. Thus, per Plaintiff, the typical lesser amounts of UM/UIM coverage then "roll up" to the limits of WVH&P's liability coverage, which is a greater amount.

For its part, Defendant argues that this statute does not *per se* require such selection forms, and that a focus on the selection forms is misplaced. Per Defendant, offers of UM/UIM coverage may take forms different than the selection forms or what may be reflected by them. In any event, Defendant points out that representatives of both Defendant and WVH&P testified that Defendant provided the required offers of UM/UIM coverage to WVH&P.

In particular, the dispute arises from summary judgment briefing of this matter. In Plaintiff's memorandum [ECF No. 95] in support of his motion for summary judgment, he includes an affidavit provided by Mary Beth Johnson, president of WVH&P. [ECF No. 94-8]. In the affidavit, Ms. Johnson walks back her earlier deposition testimony in regard to selection forms. In Paragraph 16 of the affidavit, Ms. Johnson explains she earlier stated that she must have signed selection forms. But later in the affidavit, in Paragraphs 24-26, Ms. Johnson states that she does not independently recollect receiving or signing selection forms, and that if signed forms do not exist, then the forms were not presented to her.[2]

In its response [ECF No. 96] to Plaintiff's summary judgment motion, Defendant pointed out that, in fact, selection forms were included within the renewal policies and notices. This of course is contrary to Ms. Johnson's affidavit in which she states that WVH&P did not receive selection forms. Specifically, in its response brief [ECF No. 96, n. 7], Defendant states that its counsel, Tanya Kesner, had been given access to WVH&P's files at WVH&P's facility (with assent of WVH&P's counsel), and that Ms. Kesner viewed the selection forms among those materials. Defendant offered to provide a copy of the selection forms if the Court desired.

---

[2] During the hearing before the undersigned on February 23, 2023, Defendant's counsel pointed out that Plaintiff's counsel had prepared this affidavit signed by Ms. Johnson. The reason for Plaintiff's counsel (and not Ms. Johnson's or WVH&P's counsel) preparing such an affidavit, and the circumstances under which Ms. Johnson ultimately agreed to sign it, remain unclear to the Court.

4

However, in Plaintiff's own response [ECF No. 97, at 22-23] to Defendant's motion [ECF No. 92] for summary judgment, Plaintiff again relied on Ms. Johnson's affidavit. Thus, in its reply [ECF No. 99-6] in support of its summary judgment motion, Defendant included an affidavit by Ms. Kesner in which she details (a) that she was given access to WVH&P's insurance files, (b) how she went about copying the same, and (c) that she obtained copies of selection forms in so doing – thus undercutting Plaintiff's assertion that Defendant had never made the required offer of UM/UIM coverage to WVH&P.

Plaintiff takes exception to Ms. Kesner's affidavit, and impugns Defendant's counsel by suggesting that intentional spoliation of WVH&P's records occurred. Plaintiff submits that WVH&P records were altered, inappropriately, by the inclusion of the selection forms once Defendant's counsel obtained access to WVH&P's records.

For its part, though, Defendant emphasizes that there is no evidence whatsoever that any party involved has engaged in intentional spoliation. Plaintiff intimates that he first learned of the selection forms by mention of them in Ms. Kesner's affidavit. However, Defendant notes that the blank selection forms had been produced multiple times, in different permutations of discovery responses herein, from records of Defendant itself. Thus, Plaintiff had received and known of them months ago. Defendant's counsel emphasized – in both briefing on the issue and during a hearing before the undersigned – that he earlier had made it clear to Plaintiff's counsel that the blank selection forms existed, and that he had seen them. The point of Defendant's counsel's flagging this for Plaintiff's counsel was to clarify that any statement by Ms. Johnson about the absence of selection forms was incorrect.

To this end, for context, Defendant notes that it has never produced <u>signed</u> selection forms or asserted that <u>signed</u> forms exist. Rather, Defendant's point mainly is that the blank selection

5

forms exist, and that the parties have known about them for some time. For Plaintiff, the concern is that Ms. Kesner located the blank selection forms among WVH&P's insurance records, after Plaintiff had obtained Ms. Johnson's affidavit, favorable to him, in which she wavers on whether WVH&P had been provided such forms.

## II. REVIEW AND ANALYSIS

### A. Defendant's Motion to File Corrected Affidavit

In its motion [ECF No. 113] to file a corrected version of Ms. Kesner's above-noted affidavit [ECF No. 99-6], Defendant states that the affidavit merely misstates the date on which Ms. Kesner visited the WVH&P facility to review and copy the insurance records. Defendant wishes to change the affidavit only to provide the correct date – that being July 15, 2022 instead of July 19, 2022.

In the hearing before the undersigned on February 23, 2023, Plaintiff's counsel clarified that the objection to Defendant's motion [ECF No. 113] to file a corrected affidavit is an objection to the entire affidavit, and is not specific to the request to correct the date. Thus, the date correction is not material to the affidavit and the larger dispute surrounding it. Accordingly, the Court concludes that Defendant's motion [ECF No. 113] should be **GRANTED**.

### B. Plaintiff's Motion for Order to Show Cause

Plaintiff fails to make the requisite showing for why he is entitled to the Court's entry of an order to show cause as requested. The undersigned takes, in turn, the issues presented by Plaintiff's request.

*1. Plaintiff makes no showing that intentional spoliation occurred.*

As a general matter, a court's finding that spoliation of evidence occurred, and that a remedy or sanction is warranted, is rather extraordinary. A court's ability to fashion a remedy or

sanction (often, that of an adverse inference) is inherent in a court's powers. See Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 449-450. (4th Cir. 2004). The principle is, essentially, an evidentiary rule, which a trial court administers in its discretion. Id. In federal court, the administration of such a measure is governed by federal law. Id. And, again as a general matter, a remedy for spoliation of evidence may be appropriate in the case of destroyed evidence, or for failure to produce evidence or preserve it. Id. A showing of bad faith is not always necessary in order to establish that intentional spoliation occurred. Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995).

Factually important in this context is that Plaintiff knew of the existence of the blank selection forms, months before bringing his motion. As Defendant summarizes in its response [ECF No. 112, at 12-13], Defendant's counsel repeatedly pointed out that the selection forms existed.

The argument that Defendant engaged in intentional spoliation is unpersuasive. Although it may not have been the best practice for Defendant's counsel to remove records from WVH&P's facility for copying, Defendant's counsel simply obtained and copied the documents in question. These documents included the selection forms which previously had been provided to Plaintiff in discovery otherwise. That does not amount to spoliation of any sort, let alone intentional spoliation. Plaintiff complains that the batch of documents which Defendant's counsel copied contained the blank selection forms – and suggests that Defendant's counsel placed them within the batch of documents counsel copied. But Plaintiff makes absolutely no showing that obtaining and/or copying documents in the fashion which occurred here, is intentional spoliation. Rather, everything adduced to the undersigned is that Defendant's counsel earlier had seen the selection forms, of course knew that they existed, and informed Plaintiff's counsel of this fact – and in a good-faith

bid to expeditiously resolve a swirl of questions about what materials existed and where they were kept, obtained the pages at issue from WVH&P. This set of circumstances hardly amounts to intentional spoliation.

On a separate note, Plaintiff makes an additional argument about how Defendant's counsel's handling of the WVH&P documents impacts authenticity of the documents and/or is contrary to Rule 45 of the Federal Rules of Civil Procedure for subpoena of documents. This issue merits little review – except to say that Rule 45 clearly sets forth the manner of production of documents which are subpoenaed and has no bearing on preservation of documents, such as these, which are the subject of a dispute. See Fed. R. Civ. P. 45(e). Nothing about copying the documents as Defendant's counsel did has any bearing on how or whether originals were kept or produced pursuant to Plaintiff's earlier subpoena of the same. Plaintiff's argument is unpersuasive.

*2. The instant Memorandum Opinion and Order is*
*not intended to bind decisions on summary judgment or the ultimate trier of fact.*

To be clear, the instant Memorandum Opinion and Order addresses only Plaintiff's request for the extraordinary remedy of entry of an order to show cause and ultimate striking of Defendant's defenses. For the reasons noted above, the undersigned does not grant such relief. In so doing, the undersigned makes no determination about the requirements of W. Va. Code § 33-6-31 as relates to the specific facts arising herein. Rather, any argument about the existence (or lack) of the blank selection forms (or the location of such documents) is information more appropriate to address in summary judgment briefing and/or by the trier of fact. Plaintiff's request that the Court require Defendant to show cause why its defenses should not be struck, is to turn the fact-finding/discovery process on its ear.

*3. Conclusion*

Accordingly, the Court concludes that Plaintiff's motion [ECF No. 100] should be **DENIED**.

### III.   CONCLUSION AND ORDER

As more fully detailed herein, Defendant's motion [ECF No. 113] to file a corrected affidavit of Ms. Kesner is hereby **GRANTED**. It is so **ORDERED**. The Clerk of the Court is **DIRECTED** to file the corrected affidavit [ECF No. 113-1] on the Court's CM/ECF system, and to relate the same to all portions of the record in which the original affidavit (or information about the date cited therein) has been docketed. Those portions of the record are (1) Defendant's reply [ECF No. 99-6] in support of its motion for summary judgment, (2) Defendant's response [ECF No. 96] in opposition to Plaintiff's summary judgment motion, and (3) Defendant's response [ECF No. 112] to Plaintiff's motion for an order to show cause.

In addition, as more fully detailed herein, Plaintiff's motion [ECF No. 100] for an order to show cause why Defendant should not forfeit its defense as a sanction for the alleged intentional spoliation of evidence, is hereby **DENIED**. It is so **ORDERED**.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, <u>as well as to counsel for non-party West Virginia Heating and Plumbing, namely, Charity K. Lawrence, Esq. and James E. Simon, Esq. by e-mail at clawrence@spilmanlaw.com and jsimon@spilmanlaw.com</u>, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is all so **ORDERED**.

**DATED**: March 7, 2023.

MICHAEL JOHN ALOI  
UNITED STATES MAGISTRATE JUDGE